IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NICHOLE NUCKOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-705-WKW |
| | ) | [WO] |
| ELIZABETH VIRGINIA | ) | |
| STEVENS and BRIAN CRAIG | ) | |
| SCAPECCHI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the court as a result of Plaintiff's filing of this action in an improper venue. For the reasons that follow, it is due to be dismissed without prejudice.

## I.  SUBJECT MATTER JURISDICTION

Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332(a).

## II.  STANDARD OF REVIEW

The federal venue statute, 28 U.S.C. § 1391(a), applicable in this diversity action, provides that venue is proper in:

(1) a judicial district where any defendant resides, if all defendants reside in the same state;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." Section 1406(a) authorizes dismissal, therefore, when venue is wrong in the district in which the plaintiff commenced the action. Additionally, § 1406(a) permits a transfer to an appropriate forum "in the interest of justice," even if personal jurisdiction over the defendant is lacking. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of [§] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."). The plaintiff bears the burden of demonstrating that venue is proper. *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988).

## III. BACKGROUND

Plaintiff Nichole Nuckols, a citizen of Alabama, filed this action against Defendants Elizabeth Virginia Stevens and Brian Craig Scapecchi for injuries she sustained in an automobile crash on July 26, 2012. Plaintiff was a passenger in a vehicle that was attempting to make a right turn into a Surf Style parking lot,

located alongside the heavy trafficked Highway 98 in Okaloosa County, Florida. Ms. Stevens "was traveling in the same lane and direction," and before Plaintiff's vehicle had clearance to turn, Ms. Stevens "failed to stop or control her vehicle," and rear-ended Plaintiff's vehicle, causing Plaintiff to suffer neck and back injuries. (Compl. ¶ 10.)  Mr. Scapecchi, who was not in the vehicle, is its owner.

The Complaint alleges that Ms. Stevens negligently and wantonly "caused the motor vehicle collision" and that Mr. Scapecchi was negligent in inspecting, maintaining, and repairing the vehicle.  (Compl. ¶¶ 10, 20, 21, 23.)  Seeking compensatory and punitive damages in excess of $75,000, the Complaint brings state-law claims against Defendants for negligence and wantonness.

The Complaint alleges that Plaintiff is a citizen of Alabama, who resides in Elmore County, Alabama.  It further alleges that Defendants are citizens of Florida, that Ms. Stevens resides in Santa Rosa Beach, Florida, and that Mr. Scapecchi resides in Coral Springs, Florida.

The Complaint contains no allegations establishing that venue is proper in the Middle District of Alabama, and Defendants have not filed a responsive pleading or Rule 12 motion that waives improper venue.  *See* Fed. R. Civ. P. 12(h). Consequently, an Order was entered, directing Plaintiff to show cause why this action should not be dismissed for improper venue.  Plaintiff responded that she lives in Elmore County, that she is receiving medical treatment in Alabama, and

that she believes this forum is a convenient one.  Plaintiff asks, in the alternative, that the court should "allow her to reinstate in an alternate forum without prejudice." (Pl.'s Resp., at 2.)

## IV.  DISCUSSION

Plaintiff has not shown that venue is proper in this district under any of the three methods available under § 1391.  Plaintiff suggests that venue is proper under § 1391(a)(2) because she receives ongoing medical treatment from physicians and medical facilities in the Middle District of Alabama, but she cites no authority to support her suggestion that a substantial portion of the events occurred in this district.

The relevant inquiry is "whether the forum activities played a substantial role in the circumstances leading up to the plaintiff's claim." *Crowe & Dunlevy, P.C. v. Stidham*, 609 F. Supp. 2d 1211, 1221 (N.D. Okla. 2009).  The events that underlie this action are twofold.  They involve, first, the allegedly negligent and wanton driving of Ms. Stevens, and, second, the allegedly negligent and wanton failure of Mr. Scapecchi to maintain, inspect, and repair the vehicle.  The Complaint does not allege that these acts occurred in the Middle District of Alabama, but it does allege that the motor vehicle accident occurred in the Northern District of Florida.  The medical treatment Plaintiff has received and continues to receive "are the damages suffered and do not constitute a substantial

part of the events giving rise to the claim." *Whiting v. Hogan*, 855 F. Supp. 2d 1266, 1286 (D.N.M. 2012); *see also Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 736 (8th Cir. 1997) (holding that in a personal injury case, venue was not proper in Wisconsin, even though the plaintiff received treatment in Wisconsin, because the nature of the plaintiff's medical treatment was not at issue). Based upon the foregoing authority, there are no facts showing that a substantial part of the events occurred in this district, *see* § 1391(a)(2). There also are no facts establishing that either Defendant resides in this district, *see* § 1391(a)(1), or that Defendants are subject to personal jurisdiction here, *see* § 1391(a)(3).

There are facts, however, showing that Plaintiff could have brought this action in the Northern District of Florida because a substantial part of the events giving rise to her damage claims – namely, the motor vehicle accident – occurred in that district. The issue then is whether to dismiss this action or transfer it to the Northern District of Florida.

The decision whether to transfer or dismiss a case pursuant to § 1406(a) "lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). The leading case on § 1406(a) transfers is *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962). In *Goldlawr*, the Supreme Court explained that Congress enacted § 1406(a) to "avoid[ ] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had

made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Id.* at 466.   The plaintiff in *Goldlawr* would have suffered an injustice had the court dismissed its case because the statute of limitations had run on the majority of its claims. *See id.*   The Court held:

> The language of [§] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue. . . .   If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of [§] 1406(a), recognized that the interest of justice may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . time-consuming and justice-defeating technicalities.

*Id.* at 466–67 (citation and internal quotation marks omitted); *see generally Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 710 (1972) (observing generally that "venue provisions are designed, not to keep suits out of the federal courts, but merely to allocate suits to the most appropriate or convenient federal forum").

Lower courts decided after *Goldlawr* likewise have recognized that "[a] 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) (quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)); *see also Minnette*, 997 F.2d at 1027 ("[T]he transfer of this action, when the statute of limitations has run, is in the

6

interest of justice.").  Other considerations relevant to the interest-of-justice inquiry include a balancing of the prejudices and whether the plaintiff filed in the wrong venue in good faith.  *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) ("When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors.").

Some circuit court decisions have applied *Goldlawr* to deny transfers in favor of dismissals where the filing error was obvious.  *See, e.g., Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993); *Cote v. Wadel*, 796 F.2d 981 (7th Cir. 1986).  In *Nichols*, for example, the Fourth Circuit explained that the "negative implication" of *Goldlawr* "is that where a plaintiff's attorney files in the wrong jurisdiction not 'because [he/she] . . . made an erroneous guess with regard to an elusive fact,' but because he/she made an obvious error, transfer under section 1406 is inappropriate."  *Nichols*, 991 F.2d at 1201 (quoting *Goldlawr*, 369 U.S. at 466).

Applying these principles in view of the circumstances of this case, the court concludes for two reasons that a transfer is not "in the interest of justice," § 1406(a), and that dismissal is required.  First, Plaintiff has not contended that, if this action is dismissed, the statute of limitations would pose a bar to the refiling of this action in the Northern District of Florida.  She suggests otherwise through her

alternative request that a dismissal be without prejudice so that she can "reinstate" this action in an alternative forum.  (Pl.'s Resp., at 2.)  Although the court declines to engage in a full analysis of Florida's statute of limitations absent briefing from Plaintiff, there is authority indicating that Plaintiff's claims remain timely under Florida's statute of limitations.  *See, e.g.*, Fla. Stat. § 95.11(3) (four-year statute of limitations for negligence actions).  Plaintiff has not shown that she would suffer undue prejudice by application of the statute of limitations if this action is dismissed without prejudice.

Second, Plaintiff desires to proceed in this venue on grounds of convenience, but convenience to the plaintiff is not a factor bearing on the § 1391 analysis. Venue is proper only if Plaintiff demonstrates that one of the subsections of § 1391 applies, and, as stated, she has not made that showing.  Plaintiff offers no other explanation for why she filed in this district, and, thus, she has not shown that, in filing her action here, she "made an erroneous guess with regard to an elusive fact."  *Nichols*, 991 F.2d at 1201 (quoting *Goldlawr*, 369 U.S. at 466).  Rather, a plain reading of § 1391 indicates that her attempt to lay venue in this district amounts to an "obvious error."  *Id.*

In sum, venue is not proper in this district, and the interest of justice does not justify a transfer of this action under § 1406(a) in lieu of dismissal.  The dismissal will be without prejudice, however, to permit Plaintiff to file in a proper venue.

## V.  CONCLUSION

For the foregoing reasons, it is ORDERED that this action is DISMISSED

without prejudice for improper venue.

DONE this 14th day of October, 2014.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE